UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC BELLINGER,<br><br>             Petitioner,<br><br>     v.<br><br>ON HABEAS CORPUS,<br><br>             Respondent. | Case No. 1:13-cv-01250-BAM-HC<br><br>ORDER TO PETITIONER TO SHOW CAUSE IN THIRTY (30) DAYS WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE COURT REMEDIES (DOC. 1)<br><br>**FILING DEADLINE:   THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in writing signed by Petitioner and filed by Petitioner on September 3, 2013. Pending before the Court is the petition, which was filed on August 12, 2013.

///

II.   Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

2

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

3

1  <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended
2  by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir. 2001).
3      Where none of a petitioner's claims has been presented to the
4  highest state court as required by the exhaustion doctrine, the
5  Court must dismiss the petition. <u>Raspberry v. Garcia</u>, 448 F.3d
6  1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th
7  Cir. 2001).  The authority of a court to hold a mixed petition in
8  abeyance pending exhaustion of the unexhausted claims has not been
9  extended to petitions that contain no exhausted claims. <u>Raspberry</u>,
10 448 F.3d at 1154.
11     Petitioner alleges that he is an inmate of the California
12 Substance Abuse Treatment Facility serving a sentence of fifteen
13 years to life imposed by the Superior Court of the State of
14 California, County of Madera on July 3, 1980, for Petitioner's
15 conviction of second degree murder.  (Pet., doc. 1, 1-2.)
16 Petitioner is challenging on various due process grounds the
17 decision of California's Board of Parole Hearings (BPH) made after a
18 hearing on April 30, 2013, in which the BPH found that Petitioner
19 was unsuitable for parole and set his next parole suitability
20 hearing for 2016.  (<u>Id.</u> at 6, 18, 45-46.)
21     Although Petitioner refers to exhaustion of state court
22 remedies in various locations in the petition, all of the state
23 court proceedings referred to were initiated and closed by a final
24 disposition before the decision of April 30, 2013, which constitutes
25 the decision resulting in the detention of which Petitioner
26 complains.  Petitioner does not specifically describe or document
27 the proceedings in the state courts in which he exhausted his claim
28 concerning the decision in April 2013.  Further, a review of the

official website of the California courts for cases filed by Petitioner reflects no case initiated or pending after the decision of April 30, 2013.[1]  Thus, upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his claims concerning the 2013 decision to the California Supreme Court.  If Petitioner has not presented all of his claims to the California Supreme Court, this Court cannot proceed to the merits of those claims.  28 U.S.C. § 2254(b)(1).  It is possible, however, that Petitioner has presented his claims to the California Supreme Court but has simply neglected to inform this Court.

Therefore, Petitioner must inform the Court if his claims concerning the 2013 petition have been presented to the California Supreme Court, and, if possible, provide this Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  Without knowing what claims have been presented to the California Supreme Court, this Court is unable to proceed with the merits of the petition.

III.   Order to Show Cause

Accordingly, Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state court remedies.  Petitioner is ORDERED to inform the Court

---

[1] **Error! Main Document Only.** The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).  The address of the official website of the California state courts is www.courts.ca.gov.

what claims concerning the decision of April 30, 2013, have been presented to the California Supreme Court no later than thirty (30) days after the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: __**October 7, 2013**__                    ____/s/ *Barbara A. McAuliffe*____
                                                                    UNITED STATES MAGISTRATE JUDGE

6