**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAAC BELLINGER,<br><br>        Petitioner,<br><br>   v.<br><br>ON HABEAS CORPUS,<br><br>        Respondent. | Case No. 1:13-cv-01250-BAM-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE COURT REMEDIES (DOC. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in writing signed by Petitioner and filed by Petitioner on September 3, 2013. Pending before the Court is the petition, which was filed on August 12, 2013.

    I.   <u>Screening the Petition</u>

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a

1

preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.   Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge

1 collaterally a conviction by a petition for writ of habeas corpus
2 must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The
3 exhaustion doctrine is based on comity to the state court and gives
4 the state court the initial opportunity to correct the state's
5 alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S.
6 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v.
7 Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

8     A petitioner can satisfy the exhaustion requirement by
9 providing the highest state court with the necessary jurisdiction a
10 full and fair opportunity to consider each claim before presenting
11 it to the federal court, and demonstrating that no state remedy
12 remains available.  <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971);
13 <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court
14 will find that the highest state court was given a full and fair
15 opportunity to hear a claim if the petitioner has presented the
16 highest state court with the claim's factual and legal basis.
17 <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (legal basis); <u>Kenney v.
18 Tamayo-Reyes</u>, 504 U.S. 1, 9-10 (1992), <u>superceded</u> <u>by</u> <u>statute</u> <u>as
19 stated</u> <u>in</u> <u>Williams v. Taylor</u>, 529 U.S. 362 (2000) (factual basis).

20     Additionally, the petitioner must have specifically told the
21 state court that he was raising a federal constitutional claim.
22 <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669
23 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala v.
24 Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d
25 1240, 1241 (9th Cir. 1998).  In <u>Duncan</u>, the United States Supreme
26 Court reiterated the rule as follows:

27        In <u>Picard v. Connor</u>, 404 U.S. 270, 275...(1971),
          we said that exhaustion of state remedies requires that
28        petitioners "fairly presen[t]" federal claims to the

> state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

4

1  Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended
2  by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).
3      Where none of a petitioner's claims has been presented to the
4  highest state court as required by the exhaustion doctrine, the
5  Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d
6  1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th
7  Cir. 2001). The authority of a court to hold a mixed petition in
8  abeyance pending exhaustion of the unexhausted claims has not been
9  extended to petitions that contain no exhausted claims. Raspberry,
10 448 F.3d at 1154.
11     III.   Petitioner's Failure to Exhaust State Court Remedies
12     Petitioner alleges that he is an inmate of the California
13 Substance Abuse Treatment Facility serving a sentence of fifteen
14 years to life imposed by the Superior Court of the State of
15 California, County of Madera on July 3, 1980, for Petitioner's
16 conviction of second degree murder. (Pet., doc. 1, 1-2.)
17 Petitioner is challenging on various due process grounds a decision
18 of California's Board of Parole Hearings (BPH) made after a hearing
19 on April 30, 2013, in which the BPH found that Petitioner was
20 unsuitable for parole and set his next parole suitability hearing
21 for 2016. (Id. at 6, 18, 45-46.)
22     Although Petitioner refers to exhaustion of state court
23 remedies in various locations in the petition, all the state court
24 proceedings referred to were initiated and closed by a final
25 disposition before the decision of April 30, 2013, which constitutes
26 the decision resulting in the detention of which Petitioner
27 complains. Petitioner does not specifically describe or document
28 the proceedings in the state courts in which he exhausted his claims

5

concerning the decision in April 2013.  Further, a review of the official website of the California courts for cases filed by Petitioner reflects no case initiated or pending after the decision of April 30, 2013.[1]  Thus, upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his claims concerning the 2013 decision to the California Supreme Court.

On October 7, 2013, the Court ordered Petitioner to show cause in thirty (30) days why the petition should not be dismissed for Petitioner's failure to exhaust state court remedies.  The order was served by mail on Petitioner on the same date.  Although over thirty days have passed since service of the order, no response has been filed.

Although non-exhaustion of state court remedies has been viewed as an affirmative defense, it is established that it is the petitioner's burden to prove that state judicial remedies were properly exhausted.  28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds in Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).  If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition.  Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

---

[1] **Error! Main Document Only.**The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).  The address of the official website of the California state courts is www.courts.ca.gov.

Here, Petitioner's petition is premature because Petitioner has not submitted his claim or claims to the California Supreme Court for a ruling. Therefore, it is concluded that Petitioner failed to meet his burden to establish exhaustion of state court remedies.

Accordingly, the appropriate remedy is to dismiss the petition without prejudice [2] for failure to exhaust state court remedies.

IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred by the prohibition against filing second habeas petitions set forth in 28 U.S.C. § 2244(b) from returning to federal court after Petitioner exhausts available state remedies. See, In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court, Duncan v. Walker, 533 U.S. 167, 172 (2001). By dismissing this petition without prejudice, the Court is not making any determination of timeliness of this petition or any petition filed in the future.

Further, the Supreme Court has held as follows:

> [I]n the habeas corpus context is would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000).

7

(2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of

8

appealability.

V. <u>Disposition</u>

In accordance with the foregoing analysis, it is ORDERED that:

1) The petition is DISMISSED without prejudice for Petitioner's failure to exhaust state court remedies; and

2) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to close the case because dismissal terminates the proceeding in its entirety.

IT IS SO ORDERED.

Dated: **November 22, 2013**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

9